## Stephen White *versus* William Patten.

If one, having no title to land, conveys the same with warranty, by a deed which is duly recorded, and he afterwards acquires a title and conveys to a stranger, the second grantee is estopped to aver that the grantor was not seised at the time of his conveyance to the first grantee.

Writ of entry o recover a messuage in Brookline.

On a case stated, it appears, that both parties claim under Isaac Thayer.

The demandant derives his title from a mortgage made to him by Thayer, dated the 30th of December, 1833, and recorded on the 19th of February, 1834, containing the usual covenants of seisin, warranty, &c.

At the time of the execution of the mortgage to the demandant, the legal title was in John Perry, the father-in-law of Thayer. Perry conveyed to Thayer in fee simple, by deed dated the 20th of July, 1834, and delivered on the 2d of August, in the forenoon.

The tenant derives his title from a mortgage made to him by Thayer, dated the 21st of July, 1834, and delivered on the 2d of August, 1834, in the afternoon, containing the usual covenants of seisin, warranty, &c. This mortgage, and the deed from Perry to Thayer, were left for registry at the same time, in the afternoon of the 2d of August.

Thayer was in possession at the time of making the mortgage to the demandant, and continued in possession until the 13th of February, 1835, when the demandant entered under his mortgage ; and the demandant remained in possession, by Thayer, who became his tenant, until Thayer was dispossessed by Patten, by a writ of *habere facias* on a judgment against Thayer. The demandant had no actual notice of Thayer's want of title, at the time when Thayer conveyed to him, and Patten had no actual notice of that conveyance at the time when Thayer conveyed to Patten.

Judgment was to be entered for the demandant or the tenant, according to the opinion of the Court on the foregoing facts.

*Nov. 4th, 1837.*

C. P. *Curtis* and B. R. *Curtis*, for the demandant.

Thayer being in possession and claiming to own the fee, his deed to the demandant gave a title valid against all persons except the true owner. *Bearce* v. *Jackson*, 4 Mass. R. 408. Thayer is estopped to say, he was not seised at the time when he delivered that deed ; *Comstock* v. *Smith*, 13 Pick. 119 ; and Patten, who claims under him, being privy in estate, is likewise estopped. *Rawlyn's case*, 4 Coke, 52 ; *Trevivan* v. *Lawrence*, 1 Salk. 276 ; *Right* v. *Bucknell*, 2 Barn. & Adolph. 278 ; *Coe* v. *Talcot*, 5 Day, 88 ; *Penrose* v. *Griffith*, 4 Binney, 231 ; *Carver* v. *Astor*, 4 Peters, 83 ; *Fairbanks* v. *Williamson*, 7 Greenleaf, 97. The moment Thayer obtained a title from Perry, the legal owner, it enured to the use of the demandant. *Somes* v. *Skinner*, 3 Pick. 52, [2d ed. and notes ;] *Doe* v. *Oliver*, 10 Barn. & Cressw. 186.

*Clarke*, for the tenant. Under our statutes, the conveyance by Thayer to Patten, after Thayer had acquired the legal title, was effectual against all persons. His previous conveyance was good, " against the grantor and his heirs only." *St.* 1783, *c.* 37, § 4 ; Revised Stat. *c.* 59, § 1, 28 ; 3 Mass. R. 574, 575, 581, 582 ; *Bates* v. *Norcross*, 14 Pick. 230 ; *Ward* v. *Fuller*, 15 Pick. 189 ; 2 Bl. Comm. 290 ; *Davis* v. *Hayden*, 9 Mass. R. 519. A purchaser does enough, so far as regards the acts of his grantor, if he searches the records back to the time when the grantor acquired his title ; if he must go farther back, for the purpose of ascertaining whether the grantor did not convey before he had a title, he must make the like investigation in regard to all those through whose hands the estate had previously passed for a series of years, and titles will possess no certainty. The recording of the deed to the demandant, therefore, was not constructive notice to Patten. If the demandant, in the exercise of ordinary diligence, had examined the records before he took his deed, he would have perceived that Thayer had no title. The principle of estoppel applies, in the case of a covenant of warranty, to prevent circuity of action. Thayer is estopped to deny the demandant's title, because the demandant might sue him on his covenant ; but Patten is a stranger and not liable to be sued on any covenant, and so there is no circuity of action. *Blight's Lessee* v. *Rochester*, 7 Wheaton, 547 ; *M'Crackin* v. *Wright*,

14 Johns. R. 194 ; *Somes v. Skinner*, 3 Pick. 61 ; *Comstock
r. Smith*, 13 Pick. 119.

PUTNAM J. afterward drew up the opinion of the Court. If
the controversy were between Thayer and White, it would be
perfectly clear that Thayer could not prevail, notwithstanding
the legal title were in Perry, at the time when Thayer convey-
ed to White. Thayer having subsequently acquired the legal
title, would be estopped to say that he was not seised in fee
of the estate which he had conveyed with warranty to White.
*Somes v. Skinner*, 3 Pick. 60.

It is then to be considered, whether the tenant, who claims
the same estate as the grantee of Thayer, by a subsequent
conveyance of the same, is estopped to say that Thayer was
not seised, inasmuch as Thayer himself would be clearly so
estopped, if he were a party.

In 1 Salk. 276, *Trevivan v. Lawrence et al.*, it was held,
that parties and all claiming under them were bound by estop-
pels ; " as if a man makes. a lease by indenture of D., in
which he hath nothing, and afterwards purchases D. in fee,
and afterwards bargains and sells it to A. and his heirs, A.
shall be bound by the estoppel ; and that where the estoppel
works on the interest in the land, it runs with the land into
whose hands soever the land comes."

So in 6 Mod. 258, S. C., Lord Chief Justice *Holt* states
the case thus : " If a man by deed indented make a lease of
Dale, reserving rent, in which at that time he has nothing, and
afterwards he purchases Dale, and bargains and sells it to a
stranger, the bargainee shall hold it liable to the first lease, and
coming under him who made the lease shall be estopped to say
that the bargainor had nothing to let in the premises at the time
of the lease made ; for this estoppel runs upon the land and
alters the interest of it."

The case of *Fairbanks el al. v. Williamson*, 7 Greenleaf,
96, is in point. On the 15th of December, 1818, Weston
made a deed to Webster. The demandants levied an execu-
tion upon the demanded premises as belonging to Webster, in
July 1827, and Webster released to the demandants on the
27th of August following. When Weston made his deed to
Webster, he (Weston) had no title, but it was in the Common-

wealth. But in June 1820, the committee for the sale of eastern lands conveyed the title of the Commonwealth to Weston. Weston, on the 10th of May, 1821, conveyed the demanded premises to the tenant in fee. And it was held that Weston, by his deed and covenant (although it was not of general warranty, as is the case at bar) was estopped to make any claim or title to the land, and that the tenant, claiming subsequently under Weston, was privy in estate and bound by the estoppel.

The case of *Weale* v. *Lower*, Pollexfen, 60, is to the same point. Where one conveyed by a fine an estate which at the time was contingent, yet the party conveying was bound by estoppel, and when the contingency happened, that " which at the beginning was only good against him by estoppel would then have been turned into a good estate and term in interest." And *p.* 66, *per* Lord Chief Justice *Hale :* " The estate which cometh to the heir upon the happening of the contingency, feeds his estoppel, and the estate by estoppel becometh an estate in interest, and shall be of the same effect as if the contingency had happened before the fine levied."

So in the case at bar, Thayer and his heirs and assigns are bound by his deed with warranty to White. The tenant claims the same estate as the assignee or grantee of Thayer by a subsequent conveyance, and the tenant is concluded, as his grantor was concluded, to aver that Thayer had no title when he conveyed to White. The tenant is privy in estate.

Co. Lit. 352 *a.* Privies in blood, as the heir, privies in estate, as the feoffee, lessee, &c., privies in law, comprehending those who come in by act in law or in the *post*, shall be bound and take advantage of estoppels.

Termes de la Ley, *Privy.* " The lessees or feoffees are called privies in estate, and so are their heirs."

The conveyance of the title by the deed of Perry to Thayer, after his deed to White, turned the estoppel which bound Thayer and his heirs and assigns, into a good estate in interest. So that by the operation of law the interest should be considered as vested in him in the same manner as if it had been conveyed to Thayer before he conveyed to White. And if that had been the case there could be no question between these parties now before the Court. For White procur-

ed his deed from Thayer to be recorded before the tenant ob·tained his deed from Thayer.

It would be very easy to multiply authorities in support of the principle upon which this case is decided, but it is not necessary. The Court are of opinion, for the reasons and upon the authorities before referred to, and cited by the coun·sel for the demandant, that he is entitled to recover.